UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD Q. SMITHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-02959 (UNA) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has filed a Complaint ("Compl."), ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. Upon review, the Court grants Plaintiff's IFP Application, and for the reasons discussed below, dismisses this matter without prejudice.

Plaintiff, a resident of Texas, who apparently attempts to bring this matter as a whistleblower, sues the U.S. Department of Justice, "and named officials, in their official capacities," although he does not, in fact, name any officials, in contravention of D.C. Local Civil Rule 5.1(c)(1). *See* Compl. at 1. The Complaint is vague and sparse. Plaintiff quite broadly alleges that his "claims have been ignored and mishandled by DOJ, despite multiple emails, referrals from the U.S. Commission on Civil Rights, and evidence submitted to DOJ and OIG offices. As of August 2025, DOJ has not provided a single substantive response." *Id*. He contends that Defendants' "failure to respond to communications, deliberate delay, and obstruction of redress mechanisms related to a pending federal civil rights and housing discrimination matter," constitute "violations of the Administrative Procedure Act, Section 504 of the Rehabilitation Act, and the Americans with Disabilities Act, including 42 U.S.C. § 12203 (Retaliation)." *See id*. He

demands "immediate injunctive relief, recognition of protected whistleblower status, and oversight by an independent party to ensure compliance with federal law." *Id*.

*First*, Plaintiff cannot bring this case as a whistleblower.  As background, whistleblowers are generally authorized to bring *qui tam* actions under the False Claims Act, 31 U.S.C. §§ 3729–3732, "an anti-fraud statute that prohibits the knowing submission of false or fraudulent claims to the federal government."  *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 640 (6th Cir. 2003).  More specifically, the FCA authorizes a private individual, as a relator, "to bring [a *qui tam*] action in the Government's name, and to recover a portion of the proceeds of the action, subject to the requirements of the statute."  *U.S. ex rel. Batiste v. SLM Corp.*, 659 F.3d 1204, 1206 (D.C. Cir. 2011) (citations omitted); 31 U.S.C. § 3730.  However, it "well-settled that a *qui tam* action may not be brought by a *pro se* plaintiff."  *Walsh v. JPMorgan Chase Bank, NA*, 75 F. Supp. 3d 256, 263 (D.D.C. 2014) (collecting cases); *see Idrogo v. Castro*, 672 F. App'x 27, 27 (D.C. Cir. 2016) ("The district court correctly held that *pro se* plaintiffs, such as appellant, may not file a *qui tam* action pursuant to the False Claims Act.").  Put differently, because the United States is "the real party in interest," *Cobb v. California*, No. 15-cv-176, 2015 WL 512896, at *1 (D.D.C. Feb. 4, 2015), a "*pro se* plaintiff may not file a *qui tam* action[,]" *Jones v. Jindal*, 409 Fed. App'x. 356 (D.C. Cir. 2011) (per curiam).

This prohibition is rooted in the requirement that a plaintiff proceeding in federal court "may [only] plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654; *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted).  In other words, Plaintiff has neither a constitutional

nor a statutory right to pursue the claims of the United States, or anyone apart from himself, without counsel.

*Second*, *pro se* litigants must comply with the Federal and Local Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Federal Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, Plaintiff's ambiguous allegations fall short of providing notice of any claim or establishing this Court's subject matter jurisdiction.

*Third*, this Court does not have jurisdiction to compel the government to prosecute a criminal case, *see Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Cox v. Sec'y of Lab.*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases), or to compel a federal investigation by the DOJ, or any other federal law enforcement agency, *see Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141-42 (11th Cir. 1987) (per curiam); *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).

For all of these reasons, the Court dismisses the Complaint, and this matter, without prejudice. Plaintiff's other pending Motions, ECF Nos. 3, 4, are denied as moot. An Order consistent with this Memorandum Opinion is issued separately.

Date: November 20, 2025

TREVOR N. McFADDEN
United States District Judge